UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ADC TELECOMMUNICATIONS, INC. ERISA LITIGATION | MBD No. 05-10307-RGS<br><br>Master File No. 03-2989 ADM/FLN<br>United States District Court<br>District of Minnesota |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM

Plaintiff James A. Carnahan has submitted a motion to quash a subpoena *duces tecum* served by the ADC Defendants upon his expert, Steven Feinstein. Because Plaintiffs served their motion after the deadline for serving objections, and because their objections fail on the merits, ADC requests that this Court deny their motion. Alternatively, the ADC Defendants request that this Court exercise its discretion and transfer this motion to the District of Minnesota, where the Magistrate Judge overseeing discovery in this case can use his knowledge of and experience with this case to decide this dispute.

## PROCEDURAL BACKGROUND

Plaintiff is currently pursuing ERISA claims for breach of fiduciary duty against ADC and certain alleged fiduciaries of ADC's 401(k) plan. The scheduling order in this case (venued in the district of Minnesota) required Plaintiff to designate experts and produce expert reports on July 1, 2005. On this date, the Plaintiff identified 4 experts, including Steven Feinstein.

Defendants subsequently served a subpoena on Woodrow White, another one of Plaintiff's experts. This subpoena requested that the expert make himself available for a deposition as well as produce various documents in his possession. Plaintiff moved for a protective order in the District of Minnesota, alleging that this deposition was premature and should be stayed pending Plaintiff's review of various ADC Documents and Mr. White's supplemental report. The Minnesota Court denied this motion on August 22, 2005.

On July 26, 2005, the ADC Defendants served three additional subpoenas *duces tecum* on Plaintiff's remaining three experts, including Mr. Feinstein. These subpoenas had a return date of August 9, 2005. Plaintiff responded to these subpoenas *duces tecum* by informing ADC's counsel that they would "produce the expert documents" by August 15, 2005. See Holly Affidavit at Ex. A. These documents would be "responsive to your [document] requests and subpoena's (with return dates of 8/9/05)." Id. At no time did Plaintiff ever request or did ADC ever grant a extension of time to submit objections to the subpoenas.

On August 15, 2005, Plaintiff responded with some, but not all, of the documents requested by the subpoena. He did not produce a privilege log with these documents. He also filed a motion to quash the subpoena. Plaintiff filed this motion well after the 14-day limit for filing objections to a subpoena, which expired on August 9, 2005. As discussed below, this Court should deny Plaintiff's motion.

## ARGUMENT

I.   **Plaintiff Has Waived His Right To Object To The Subpoenas.**

This Court can quickly resolve Plaintiff's motion to quash on procedural grounds because he has failed to timely object to the subpoenas. Under Fed. R. Civ. P. 45 (c)(2)(B), a party must serve objections to a subpoena duces tecum within 14 days of receiving the subpoena. Moore's Federal Practice and Procedure at § 45.04(2). Courts will deny an otherwise valid motion to quash solely because it was filed after this 14 day period. E.g., United States v. International Business Machine Corp., 40 F.R.D. 700, 701-702 (S.D.N.Y. 1976); Oneida, Ltd. v. U.S. 43 Fed Cl. 611 (Fed. Cl. 1999); In re Motorsports Merch Antitrust Litig., 186 F.R.D. 344, 349 (W.D. Va. 1999); McCoy v. Southwest Airlines, Co., 211 F.R.D. 381, 385 (C.D. Cal. 2002).

The ADC Defendants served the current subpoenas on July 26, 2005. Plaintiff first identified written objections (in the form of this motion) on August 15, 2004 -- well after the 14 day time period for serving objections. As such, his motion to quash must be denied.

II.  **This Motion Should Be Transferred To The District Court Of Minnesota For Resolution.**

To the extent that the Court does not resolve this motion to quash based on Plaintiff's failure to timely object, then the complexity of the litigation between the parties makes it appropriate to transfer the matter back to the District of Minnesota, where the Untied States Magistrate Judge there will be able to resolve the issue using his knowledge of the case and in the context of all the proceedings.

A district court facing a motion to quash a subpoena has the authority to transfer the motion to the district where the litigation is ongoing. See In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991) (recognizing that the district court has the authority to transfer a motion to quash a subpoena to the litigation home); Petersen v. Douglas County Bank & Trust, Co., 940 F.2d 1389 (10th Cir. 1991); Pactel Personal Communications v. JMB Realty Corp., 133 F.R.D. 137 (E.D. Mo. 1990); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463 at 79 (1995) ("It is within the discretion of the court that issued the subpoena to transfers motions involving the subpoena to the district in which the action in pending.").

This court should exercise this discretion. Plaintiff's motion to quash is one part of various ongoing discovery disputes between the parties. The United States Magistrate Judge in charge of the case (Magistrate Judge Franklin Noel) has a unique perspective of the course of the litigation, the parties' need for this information, and generally the context in which this dispute arises. Plaintiff has, in fact, recognized that Magistrate Judge Noel has the authority to resolve whether these subpoenas are appropriate by filing a motion for protective order in Minnesota in response ADC's subpoena to Plaintiff's other expert, Mr. White. Magistrate Judge Noel resolved this issue in ADC's favor, denying Plaintiff's Motion for a Protective Order and ordering Plaintiff's expert to respond to the subpoena.

Therefore, if the Court does not resolve this motion based upon Plaintiff's waiver of his objections, then the Court should transfer the matter to Judge Noel in the District of

Minnesota, where he can use his knowledge of the case to resolve this motion efficiently and fairly.

### III. Plaintiff Cannot Assert Attorney-Client Or Work Product Privilege For Documents Exchanged With Their Experts.

Plaintiff argues that several of the documents exchanged with the experts contain information protected by the work product or attorney client privilege. Even if the Court concludes that Plaintiff has not waived this objection because it was untimely, it still fails because documents exchanged with experts do not fall within either privilege.

As an initial matter, Plaintiff has failed to serve any privilege log identifying the documents they are withholding and the basis for withholding them. A claim of privilege must be "supported by a description of the nature of the documents. . . that is sufficient to enable the demanding party to contest the claim." See Fed. R. Civ. P. 45(d)(2). Absent any identification of privileged documents, an attempt to claim a privilege must fail.[1] E.g., In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) (denied motion to quash subpoena because objecting parties failed to present privilege log to support claim of privilege); Mass. School of Law at Andover Inc. v. Am. Bar. Ass'n, 914 F.Supp. 1172, 1177-78 (E.D. Pa. 1996) (same).

Moreover, Plaintiff's claim that either the work product privilege or the attorney client privilege apply to documents exchanged with an expert is simply wrong. The vast majority of courts have held that claims of work product or attorney client privilege do

---

[1] Plaintiff's failure to properly substantiate their privilege claims even opens them to a claim for contempt for failure to comply with Rule 45. See 1991 Advisory Committee Notes to Rule 45; Moore's Federal Practice and Procedure at § 45.04(b)(5)(b).

not apply to documents shared with experts. E.g., Monsanto Co. v. Aventis Cropscience, N.V. 214 F.R.D. 545 (E.D. Miss. 2002) ("Both parties here agree that the overwhelming majority of courts have taken the language of Rule 26 to mean that providing otherwise protected materials to a testifying expert who considers them in forming an expert opinion waives the [work product] protection, whether the expert actually relies on the information or not."); In re Pioneer Hi-Bred International, 238 F.3d 1370, 1376 (Fed. Cir. 2001) (same); Johnson v. Gmeinder, 191 F.R.D. 638, 644 (D. Kan. 2000).

These courts rely upon the 1993 changes to Rule 26, which now requires that an expert disclose all data and other information on which their report is based. As the Advisory Committee Notes indicate, these changes make clear that privilege claims do not apply to information shared with an expert:

> [t]he [expert] report is to disclose the data and other information considered by the expert·. . . . Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert- are privileged or otherwise protected from disclosure . . .

See also TV-3, Inc. v. Royal Ins. Co. ov Am., 194 F.R.D. 585, 589 (S.D. Miss. 2000) (correspondence between counsel is discoverable, "given plain language of Rule 26(a)(2) and its accompanying Advisory Committee Note.").

Although Plaintiff asserts that work product need not be disclosed, the cases he cites to do not apply. These cases apply only to "core" work product (i.e., an attorney's mental impressions and opinions).[2] See Plaintiffs' Memorandum of Law at 6. Nearly

---

[2] Plaintiff, of course, has provided no privilege log from which the Court can determine whether the documents at issue are "fact" work product or "core" work product. So even

every case to have examined the issue – particularly after the 1993 modifications to Rule 26 referenced above[3] – has held that a party waives "fact" work product privilege with respect to documents given to experts.[4] See Johnson v. Gmeinder, 191 F.R.D. 638 (D.Kan. 2000) ("The overwhelming majority of courts are in agreement that the disclosure of *fact* work product to a testifying expert, in conjunction with the expert's consideration of those materials, results in waiver of the work product immunity."). To the extent there are still some cases holding that "core" work product is still protected, these cases are contrary to the plain language of Rule 26 as various courts and commentators have recognized. E.g., Karn, 168 F.R.D. at 638-39; 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure*, § 2016.2 (1994)

---

if the Court were to believe that "core" work product still retains protection under Rule 26, Plaintiff has waived it. See Fed. R. Civ. P. 45(d)(2). Likewise, some courts have engaged in a balancing test for "core" work product provided to an expert, refusing to produce the expert materials only if they "bear no probative relationship to the opinion or testimony the expert is likely to give." See Oneida, 43 Fed. Cl. at 619. Plaintiff has provided no basis for the ADC Defendants to determine whether this is so. Even if the privilege does apply, this Court cannot even determine whether the balancing test set out in Rule 26 is satisfied due to the lack of a privilege log. See Fed. R. Civ. P. 26(b)(3).

[3] The key case Plaintiffs rely upon, Bogosian v. Gulf Oil Corp., 738 F.2d 587, 593-94 (3rd Cir. 1984), was decided before the 1993 changes to Rule 26. Its holding therefore no longer applies. E.g., Karn v. Ingersol Rand, 168 F.R.D. 633, 638-39 (N.D. Ind. 1996) (recognizing that cases such as Bogosian have been overruled by 1993 amendments to Rule 26).

[4] See also BCF Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc., 171 F.R.D. 57, 62 (S.D.N.Y. 1997) ("[T]the consensus among federal courts since the 1970 Amendment [to Fed. R. Civ. P. 26] had already been in favor of disclosure of factual information.") and cases cited therein.

("The disclosure requirements of Rule 26(a)(2) adopted in 1993, were intended to permit further discussion and mandate disclosure despite privilege.").[5]

### IV. The Subpoena Is Not Procedurally Invalid.

Plaintiffs can provide no reason why the subpoena is procedurally deficient.

First, as noted above, Plaintiff has waived any procedural objections to the subpoenas. See Fed. R. Civ. P. 45(c)(2)(B).

Second, this subpoena did not inappropriately require the production of documents outside of the proper geographical limit. Under Rule 45(c)(3)(A), a court has the power to quash a subpoena if it requires a party "who is not a party of an officer of a party" to travel "to a place more than 100 miles" from the place the individual currently resides or regularly transacts business. Here, the subpoena's requested the production of documents "at a time and place to be determined" because the pattern and practice between the parties was such that Plaintiff (who accepted service of the subpoena for Mr. Feinstein) would send the requested documents to Defendants by mail. Here, in fact, Plaintiff agreed to send documents responsive to the subpoena directly to the ADC Defendants

---

[5] See also e.g., Georgou v. Fritzhall, 1996 WL 73592 (N.D. Ill. 1996) (where expert was formerly the defendant's attorney, he was not entitled to assert attorney-client privilege as to documents from the prior related litigation); Martin v. Intex Recrecational Corp., 1994 WL 593987 (D. Kan. 1994) (ordering disclosure of a videotape prepared by the expert as well as items prepared by counsel to which the expert referred in preparing the videotape); Manufacturing Admin. and Management Systems, Inc. v. ICT Group, Inc., 212 F.R.D. 110, 114 (E.D.N.Y. 2002); Suskind v. Home Depot Corp., 2001 WL 92183, *2+ (D.Mass. 2001); Oneida, Ltd. v. U.S., 43 Fed.Cl. 611, 618 (Fed.Cl. 1999); Emergency Care Dynamics, Ltd. v. Superior Court In and For County of Maricopa, 932 P.2d 297, 299+, (Ariz.App. 1997) ; F.D.I.C. v. Gonzalez-Gorrondona, 1994 WL 836318, *2 (S.D.Fla. Aug 11, 1994); Rail Intermodal Specialists, Inc. v. General Elec. Capital Corp., 154 F.R.D. 218, 219+ (N.D.Iowa Mar 25, 1994).

(See Holly Affidavit, Ex. A). Thus, Plaintiff has waived any objections to the place of production.

Third, Plaintiff incorrectly asserts that this subpoena is an inappropriate contravention of the discovery rules. As the cases Plaintiff himself cites indicate, courts have held that it is appropriate for a party to serve a subpoena on an expert witness. E.g., Smith v. Transducer Technology, et. al., 2000 U.S. Dist. LEXIS 17217, * 2 (D. V.I. Nov. 16, 2000). These courts recognize that a subpoena *duces tecum* is an appropriate and efficient means to gather documents from an expert. See Oneida, Ltd v. The United States, 43 Fed. Cl. 611, 616-617 (Fed. Cl. 1999); Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. Partnership, 154 F.R.D. 202 (N.D.Ind.1993).

The cases that Plaintiff cites do not stand for the proposition for which they are cited. The Alper court did not quash the subpoena because it was an impermissible attempt to contravene Rule 34; rather the Court held that the subpoenas were served after the scheduling order's close of discovery and were therefore impermissible. Alper, 190 F.R.D. at 283-84. Perry is similar, holding only that a subpoena served on an individual who might be identified as an expert is inappropriate where the time for expert discovery has not commenced. Perry, 1997 U.S. Dist. LEXIS 23875, * 3 (N.D. Tex., Feb. 4, 1997).

**V.   Plaintiffs Will Suffer No Significant Burden In Responding To This Subpoena.**

Plaintiff's assertion that responding to these subpoenas would be overly burdensome holds no merit. The subpoena only seeks documents within Mr. Feinstein's

possession and control. Plaintiff has failed to describe how the production of the requested documents would be a significant burden on Feinstein.

## **CONCLUSION**

The ADC Defendants therefore request that the Court deny Plaintiff's Motion to Quash.

Dated: August 29, 2005             GOULSTON & STORRS, P.C.


By /s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr. (BBO #659322)
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, MA  02110-3333
Telephone: (617) 482-1776
Email: pcurran@goulstonstorrs.com


*and*

DORSEY & WHITNEY LLP


Thomas P. Swigert Mn. Bar #0266309
Andrew Holly Mn. Bar #308171
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

*Attorneys for Defendant ADC Telecommunications, et al.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ADC TELECOMMUNICATIONS, INC. ERISA LITIGATION | MBD No. 05-10307-RGS<br><br>Master File No. 03-2989 ADM/FLN<br>United States District Court<br>District of Minnesota<br><br>**AFFIDAVIT OF ANDREW HOLLY** |

STATE OF MINNESOTA )
                        ) ss.
COUNTY OF HENNEPIN )

    ANDREW J. HOLLY, being first duly sworn under oath, deposes and states the following:

1. I am an attorney representing the ADC Defendants in the above-captioned matter.

2. I am licensed to practice law in the State of Minnesota.

3. Attached hereto at Exhibit A is a true and correct copy of an e-mail sent by Plaintiff's counsel to counsel for the ADC Defendants on August 8, 2005.

*[signature]*
Andrew Holly

Subscribed and sworn to before me
this 29th day of August, 2005.

*[signature]*
Notary Public

*[notary seal: SARAH C. MARQUIS, NOTARY PUBLIC - MINNESOTA, My Commission Expires Jan. 31, 2010]*

# Exhibit A

AUG-29-2005 16:09    DORSEY & WHITNEY LLP                  6123402868      P.03
08/15/2005 17:45 IFAX fax1-center → Schiff & Barroway 8/15/2005 6:24 PM PAGE 32/098 Fax Server
Case 1:05-mc-10307-RGS   Document 3-2   Filed 08/29/2005   Page 3 of 3

## GILMAN AND PASTOR, LLP
### ATTORNEYS AT LAW
60 STATE STREET
37TH FLOOR
BOSTON, MASSACHUSETTS 02109

TELEPHONE: 617/742-9700

FACSIMILE: 617/742-9701

WWW.GILMANPASTOR.COM

August 15, 2005

COPY

MBD-05-10307-RGS

<u>Via Hand Delivery</u>

Clerk
USDC, D. Mass.
One Courthouse Way
Boston, Massachusetts

Re:   <u>In re ADC Telecommunications, Inc. ERISA Litigation</u>

Dear Sir or Madam:

Enclosed for filing in the above-referenced action, please find the following documents:

1. Plaintiff's Motion to Quash Subpoena Duces Tecum;
2. Memorandum in Support of Plaintiff's Motion to Quash Subpoena Duces Tecum; and
3. [Proposed] Order.

Kindly acknowledge receipt and filing of the same by date-stamping the enclosed copy of this cover letter and returning the letter to us, as well as the stamped copy of the Motion, with the messenger.

Thank you for your attention to this matter.

Very truly yours,

David Pastor

DP/rd
Enclosures

00005943.WPD;1